New Orleans & Memphis Packet Co. *v.* James. Planters' Transp. Co. *v.* Same. Greenville & N..O. Packet Co. *v.* Same.[1]

*(Circuit Court, E. D. Louisiana. June 1, 1887.)*

Constitutional Law—Interstate Commerce—Corporations.
Article 236 of the constitution of Louisiana, which provides that no foreign corporation shall do any business in this state without having one or more known places of business, and an authorized agent or agents in the state upon whom process can be served, is null and void, being an attempt on the part of the state to interpose a restriction on navigation, and therefore in conflict with the provisions of the act of congress approved eighteenth February, 1793, passed in pursuance of a clear authority under the constitution of the United States.[2]

*T. L. Bayne* and *Geo. Denegre,* for complainants.
*W. F. & D. C. Mellen,* for defendant.

Billings, J. To the plaintiffs' claim defendant interposes the exception that the plaintiffs, chartered or existing under the laws of the state

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar

[2] A state statute cannot be so construed as to limit the right of any foreign corporation to make contracts in the state for carrying on interstate commerce. Cooper Man-uf'g Co. v. Ferguson, 5 Sup. Ct. Rep. 739.
Any control or regulation by a state of the navigation of its waters is an encroachment upon the powers of congress. Ferry Co. v. Com., 5 Sup. Ct. Rep. 826. Respecting interstate commerce in general, see Pearson v. International Distillery, (Iowa,) 34 N. W. Rep. 1, and note.

of Kentucky, have failed to comply with the provisions of article 236 of the constitution of the state of Louisiana, which provides that no foreign corporation shall do any business in this state without having one or more known places of business, and an authorized agent or agents in the state upon whom process may be served. Held, that the provision of the constitution of Louisiana referred to, being an attempt on the part of the state to interpose a restriction on navigation, and therefore in conflict with the provisions of the act of congress approved February 18, 1793, passed in pursuance of a clear authority under the constitution of the United States, is null and void. *Sinnot* v. *Davenport*, 22 How. 227.

Exception overruled, and judgment rendered in favor of plaintiffs in each cause.