JULIUS KESSLER & CO. v. E. F. PERILLOUX & CO.

(Circuit Court, E. D. Louisiana.   April 8, 1902.)

No. 12,982.

**1. FOREIGN CORPORATIONS—INTERSTATE COMMERCE—STATE LAWS—EFFECT.**
  Where a foreign corporation sold whisky to defendants, to be shipped from Kentucky to New Orleans, and took the notes sued on, at the time of the sale, for the purchase price, which notes were payable in New Orleans, the transaction constituted an act of interstate commerce, and was therefore not within Const. La. 1898, art. 264, providing that no domestic or foreign corporation shall do any business within the state without having one or more known places of business and an authorized agent or agents within the state, on whom process may be served.

At Law.

Julius Kessler & Co., a corporation of the state of West Virginia, brought suit against the commercial firm of E. F. Perilloux & Co., and the individual members thereof, all citizens of the state of Louisiana, on two promissory notes, aggregating $2,021.21, with interest.   The defendants excepted pre-emptorily, praying that the suit be dismissed, substantially for the reason that the plaintiff had not complied with the requirements of article 264 of the Constitution of the state of Louisiana of 1898, which provides that "no domestic or foreign corporation shall do any business in this state without having one or more known places of business and an authorized agent or agents in the state upon whom process may be served."   A jury having been duly waived, the exception came up for trial, and was duly tried by the court without a jury, and proofs and arguments were heard.

Lazarus & Luce, for plaintiff.
Henry L. Garland, for defendants.

## Findings of Fact.

PARLANGE, District Judge.   The court finds that the plaintiff is a corporation created under the laws of the state of West Virginia, and that it has not complied with any of the requirements of said article 264 of the present Constitution of the state of Louisiana.

The court finds that a duly authorized agent of said plaintiff corporation came to the city of New Orleans, and sold in said city, to the defendants, certain whiskies, which were then in the state of Kentucky, but were to be, after said sale, shipped from the state of Kentucky to the defendants in New Orleans.

The court finds that the notes sued upon, or notes of which the same are renewals, were given at the time of the sale in said city by the defendants to the plaintiff corporation in consideration of said sale, and that said notes were all payable in said city.

The court further finds that the above matters constituted an act of interstate commerce.

## Findings of Law.

Article 264 of the present Constitution of the state of Louisiana is identical in language with article 236 of the preceding state Constitution of 1879, with the only exception that article 264 is made applicable to domestic as well as foreign corporations.   Act No. 149, p. 188, of the Louisiana Legislature of 1890, the object of which was to

carry into effect said article 236 of the Constitution of 1879, specially excepts "mercantile corporations" from the operation of said article of the Constitution. That act appears to be still in force. See State ex .rel. Watkins v. Land & Timber Company, 106 La. 627, 31 South. 172, 87 Am. St. Rep. 309. The case just mentioned has been cited in the brief of defendants' counsel as being a case supporting his views, but the opinion in that case opens with the statement that as the corporation involved in the case was "engaged neither in commerce, nor in the service of the federal government, it was within the power of the state of Louisiana to exclude it from her territory, or to admit it upon such condition, reasonable or unreasonable, as she thought proper to impose."

Am. & Eng. Ency. of Law (2d Ed.) vol. 13, pp. 860, 861, verbis, "Foreign Corporations," after stating that a state has the right to exclude any foreign corporation from doing business within its limits, says:

"Of course, what has been said must be taken with the qualification that the statutes imposing the restrictions and limitations must not be repugnant to the Constitution and laws of the United States. Where that is the case, they are wholly inoperative. But the only limitations of the right of a state to impose restrictions upon the right of foreign corporations of doing business within the domestic state, so far as the federal Constitution is concerned, are that the state cannot exclude from its limits a corporation engaged in interstate or foreign commerce," etc.

See numerous cases in the notes.

The law is further stated to the same effect in the said work, in the text and notes, vol. 17, p. 105, verbis, "Interstate Commerce."

In the recent case of Nutting v. Massachusetts, 22 Sup. Ct. 239, 46 L. Ed. 324, the Supreme Court said:

"A state has undoubted power to prohibit foreign insurance companies from making contracts of insurance, marine or other, within its limits, except upon such conditions as the state may prescribe, *not interfering with interstate commerce*. [The underscoring is that of this court.] A contract of marine insurance is not an instrumentality of commerce, but a mere incident of commercial intercourse."

There are, of course, numerous cases, many of which are cited in the brief of defendants' counsel, involving insurance companies and other corporations not engaged in interstate commerce, and in those cases constitutional provisions and laws similar to those involved in this case were held to be binding upon such corporations. Such a case was Denson et al. v. Chattanooga Nat. B. & L. Ass'n, decided by the Circuit Court of Appeals for the Fifth Circuit, and reported in 107 Fed. 777, 46 C. C. A. 634. But, of course, such cases have no bearing on the question under consideration.

Notice, as germane to the subject, Judge Billings in N. O. & M. Packet Co. v. James, etc. (C. C.) 32 Fed. 21. Specially notice Ware v. Hamilton-Brown Shoe Co., 92 Ala. 145, 9 South. 136.

The court therefore finds, as matter of law, applied to the facts above found, that the defendants' said exceptions are without force and merit, and should be overruled.